UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OUDOM SOMEE,<br><br>Defendant. | Case No. 2:10-cr-00273-MMD-RJJ<br><br>ORDER<br><br>(Plf.'s Motion in Limine – dkt. no. 72) |

**I.   SUMMARY**

Before the Court is Plaintiff United States of America's Motions in Limine Regarding the Audio Recording of the Defendant.  (Dkt. no. 72.)

**II.   BACKGROUND**

On June 15, 2010, the United States filed an Indictment against Defendant Somee charging Somee with conspiracy to commit wire fraud in connection with an alleged scheme to fraudulently obtain money and property from mortgage companies and federally insured financial institutions.  (Dkt. no. 1.)  The United States filed a Superseding Indictment on February 16, 2011, to add additional mail fraud, wire fraud, and bank fraud counts against Somee.  (*See* dkt. no. 25.)

**III.   LEGAL STANDARD**

A motion in limine is a request for the court's guidance concerning an evidentiary question.  *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999).  Judges have broad discretion when ruling on motions in limine.  *See Jenkins v. Chrysler Motors Corp.*,

316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

**III.   DISCUSSION**

    **A.   Description of statements**

The government seeks to include specific excerpts of an audio recording of the defendant made during a meeting between John Vidaurri and Phet Loi Naovarath. Vidaurri recorded the meeting on September 29, 2009, during which a telephone call was made to Somee concerning some of the alleged conduct at issue in this case. Based on a brief email sent by Somee's counsel, Somee appears to object to the introduction of piecemeal portions of the transcript, and seeks either its introduction in

full or its exclusion in full. Somee filed his Response on November 8, 2012, one week after it was due.

The three excerpts the government seeks to include cover conversations between Vidaurri and Somee. Somee's statements within these excerpts are admissible under Fed. R. Evid. 801(d)(2)(A) as a party admission. Vidaurri's statements to Somee are admissible under Fed. R. Evid. 801(d)(2)(E), since they were conducted by a co-conspirator in the mortgage fraud scheme and done in furtherance of the conspiracy.[1] For this reason, they are admissible. Somee does not argue against their admissibility, but appears, only in an email, to seek the inclusion of the entire conversation. Without adequate argument on the issue of completeness under Fed. R. Evid. 106, the Court will not exclude these excerpts on this ground.

Somee opposes the government's request to exclude the remaining portions of the recorded conversation or transcript, arguing that they are relevant and admissible as either hearsay exemptions under Fed. R. Evid. 801 or hearsay exceptions as either business records or under the residual exception.

**B.    Admissibility of statements as admissions**

The Court agrees with Somee that some of the statements the government seeks to exclude appear to be relevant. However, the question is whether these statements present potential hearsay issues. Somee argues that Vidaurri's statements are admissible under Fed. R. Evid. 801(d)(2)(D) as statements made by a party opponent's agent, since Vidaurri was acting as a confidential informant. This argument has been rejected by courts in similar situations, though not without some dissent among the courts. The general rule, "[b]ased on the common law principle that no individual should be able to bind the sovereign," is that statements made by government employees in criminal cases cannot be admitted through Rule 801(d)(2). *United States v. Zizzo*, 120

---

[1]There are two brief statements made by Naovarath. Based on the nature of the testimony, Naovarath's brief statements also are admissible as admissions of co-conspirators against Somee.

3

F.3d 1338, 1351 n.4 (7th Cir. 1997); *see United States v. Santos*, 372 F.2d 177, 180 (2d Cir. 1967) (explaining that admissions of government agents cannot be admitted against the sovereign since "a government prosecution is an exemplification of the adversary process" such that "when the Government prosecutes, it prosecutes on behalf of all the people of the United States"); *United States v. Kampiles*, 609 F.2d 1233, 1246 (7th Cir. 1979) ("Because the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sovereign, their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party.").

However, some courts have refused to extend this rule to government prosecutors or other non-law enforcement agents. *See, e.g., United States v. Salerno*, 937 F.2d 797, 811-12 (2d Cir. 1991) (statement of government prosecutor); *United States v. Kattar*, 840 F.2d 118, 130-31 (1st Cir. 1988) (statement of prosecutor); *see also, United States v. Warren*, 42 F.3d 647, 655 (D.C. Cir. 1994) (statement of government agent to magistrate judge); *United States v. American Tel. & Tel. Co*, 498 F.Supp. 353, 357-58 (D.D.C.1980) (statements of government agencies).

While these cases might arguably be contested – particularly since the Ninth Circuit has not, to this Court's knowledge, addressed the issue –the law is more settled on seeking admission of a government informant as an agent of the government. *See Lippay v. Christos*, 996 F.2d 1490, 1498-99 (3d Cir. 1993) (holding that government informant was not an agent of government for the purposes of hearsay exemption since the informant acted more like an independent contractor than a traditional agent). While the *Lippay* court expressly recognized that "there may be situations where a police officer and informer will have an agency relationship," *id.* at 1499, it demanded a case-by-case analysis of the facts involved in each case in order to determine how much control the government had over its agents. In *United States v. Morgan*, 581 F.2d 933, 937-38 (D.C. Cir. 1978), the court held that statements made by an informant constituted admissions of a party-opponent, but only because the "government manifested its belief

1 in the truth of the informant's statements . . . by characterizing them as "reliable" in a
2 sworn affidavit to a United States Magistrate." That is not the situation here, as there is
3 no indication that the government adopted the statements for inclusion through Rule
4 801(d)(2)(B). And since no facts are offered to the Court to demonstrate Vidaurri's
5 status as an agent, the Court follows the lead in *Lippay* and denies Somee's request for
6 admission due to his inability to meet his burden.

       **C.**      **Admissibility of statements through hearsay exceptions**

8 Somee next argues that the statements made in the transcript should be admitted
9 under various hearsay exceptions. His arguments are unpersuasive. First, these
10 statements cannot be admitted under Fed. R. Evid. 803(6) as business records. The
11 record – a hidden voice conversation made between two individuals discussing alleged
12 criminal activity – cannot have transcribed a regular activity of a business, organization,
13 or occupation. While the FBI certainly uses informants and wires on a regular basis, the
14 meeting between the two individuals is not a regular business activity, and thus a record
15 of it cannot be deemed to fall within the exception.

16 Second, a record of the meeting cannot be admitted under the residual hearsay
17 exception, since little circumstances of trustworthiness exist, and Somee has not
18 indicated that Vidaurri is unavailable for testimony. No outside factors make their
19 meeting particularly trustworthy; one cannot expect a conversation that includes
20 discussion of potential criminal activity to be more trustworthy than any normal
21 conversation. While Somee represents to this Court that Naovarath is a fugitive,
22 unavailability is not enough to diminish the trustworthiness requirement of Rule 807.
23 Accordingly, the evidence is excluded as against the government.

24 ///
25 ///
26 ///
27 ///
28 ///

### III. CONCLUSION

Accordingly, IT IS ORDERED that the United States of America's Motion in Limine Regarding the Audio Recording of the Defendant (dkt. no. 72) is GRANTED.

DATED THIS 13th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE